Matter of Malhotra (2024 NY Slip Op 02708)

Matter of Malhotra

2024 NY Slip Op 02708

Decided on May 15, 2024

Appellate Division, Second Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.

2020-06921
2021-05536

[*1]In the Matter of Gaurav Malhotra, also known as Gary Malhotra, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Gaurav Malhotra, respondent. (Attorney Registration No. 2793370)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District under Appellate Division Docket No. 2021-05536. In a separate proceeding under Appellate Division Docket No. 2020-06921, by order to show cause, dated November 18, 2021, this Court, pursuant to 22 NYCRR 1240.12(c)(3)(iii), directed the respondent to show cause at a hearing before a Special Referee why a final order of suspension, censure, or disbarment should not be made based on his convictions after a trial of sexual abuse in the third degree, in violation of Penal Law § 130.55, a class B misdemeanor, and attempted forcible touching, in violation of Penal Law §§ 110.00 and 130.52, a class B misdemeanor. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 12, 1997.

Catherine A. Sheridan, Hauppauge, NY (Ian P. Barry of counsel), for petitioner.

PER CURIAM

OPINION & ORDER
Appellate Division Docket No. 2020-06921 
By affirmation dated September 11, 2020, on notice to the respondent, the Grievance Committee for the Tenth Judicial District advised the Court of the respondent's criminal convictions. By order to show cause, dated November 18, 2021, this Court directed the respondent to show cause at a hearing before David I. Ferber, Special Referee, why a final order of suspension, censure, or disbarment should not be made based on his criminal convictions of sexual abuse in the third degree, in violation of Penal Law § 130.55, a class B misdemeanor, and attempted forcible touching, in violation of Penal Law §§ 110.00 and 130.52, a class B misdemeanor. After a hearing conducted on February 24, 2022, the Special Referee filed a report, dated May 6, 2022, setting forth his findings and concluding that the respondent had not demonstrated why a final order of public discipline should not be made. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as this Court deems just and proper. The respondent has neither opposed this motion nor interposed any response thereto.
On December 19, 2007, the respondent was charged (under the name Gary Malhotra) with forcible touching, in violation of Penal Law § 130.52, a class A misdemeanor, sexual abuse in [*2]the third degree, in violation of Penal Law § 130.55, a class B misdemeanor, and harassment in the second degree, in violation of Penal Law § 240.26(1), a violation. At the time of the offense, the respondent was a nightclub owner and the complainant, NS, was a waitress who worked for the nightclub. According to the criminal complaint, on December 8, 2007, the respondent grabbed NS's left breast and buttocks, and then pushed her against the wall with his body. The respondent stated to NS, "Let me sniff some off of your breasts. Then let me sniff some off of your ass. Then I am going to sniff some off of your shoulder. You have to because you work for me." The respondent attempted to kiss NS on the face. The respondent also poured cocaine on NS's neck, arms, and upper chest areas and licked off cocaine from those areas. NS did not consent to any of the conduct described above.
On December 2, 2008, in the Criminal Court of the City of New York, New York County (hereinafter the Criminal Court), before the Honorable Ellen Coin, the respondent was convicted, after a trial, of sexual abuse in the third degree, in violation of Penal Law § 130.55, a class B misdemeanor, attempted forcible touching, in violation of Penal Law §§ 110.00 and 130.52, a class B misdemeanor, and harassment in the second degree, in violation of Penal Law § 240.26(1), a violation. On December 9, 2008, the respondent was sentenced to, inter alia, a one-year conditional discharge, requiring the respondent to complete five days of community service or to serve a term of imprisonment for 90 days. The respondent did not report his convictions to this Court or the Grievance Committee. During the course of the Grievance Committee's investigation under Appellate Division Docket No. 2021-05536, the Grievance Committee discovered the respondent's criminal convictions.
A hearing before the Special Referee was conducted on February 24, 2022, during which the respondent made a short statement that he went "through rough times with substance abuse" in 2007, and that he had been sober since 2017. The respondent stated that he was remorseful and had been dealing with his mistakes for the past 15 years. The respondent submitted that he had suffered enough by losing his job, clients, and law practice. The respondent also contended that any further public discipline would make it difficult for him to restart his legal career. No character or other mitigating evidence was submitted.
In a report dated May 6, 2022, the Special Referee concluded that the respondent had not demonstrated why a final order of public discipline should not be made. The Special Referee also found that,
"Respondent did not provide any evidence of mitigation, other than that he suffered a 10 year drug abuse habit. Notably, while saying he was remorseful, he did not present any evidence of the extent of his drug habit, nor any evidence of treatment or other actions taken by him to get off that habit. Nor did he express specific remorse for his actions that gave rise to the criminal proceedings or acknowledge personal responsibility for his unlawful actions."
Appellate Division Docket No. 2021-05536 
The Grievance Committee commenced a formal disciplinary proceeding under Appellate Division Docket No. 2021-05536 by serving and filing a notice of petition and a verified petition, both dated July 30, 2021, as amended by stipulation dated February 16, 2022. The respondent served and filed an answer dated September 2, 2021, and an amended answer dated September 28, 2021, in which he, inter alia, denied all the charges. By decision and order on application dated November 18, 2021, this Court referred the matter to David I. Ferber, as Special Referee, to hear and report. A prehearing conference was conducted on February 9, 2022, and a hearing was held on February 17, 2022. In a report dated May 9, 2022, the Special Referee sustained all three charges in the petition. The Grievance Committee now moves to confirm the report of the Special Referee, impose such discipline as this Court may deem just and proper, and for such other relief as the Court may seem just and equitable. The respondent has neither opposed this instant motion nor interposed any response thereto.
The Petition 
The verified petition contains three charges alleging that the respondent failed to respond to subpoenas and failed to satisfy a money judgment entered against him. On or about March 2, 2010, a civil action was commenced by NS in Supreme Court, New York County against the respondent and his company, Gotham City Partners, LLC, also known as Gotham City Group (hereinafter Gotham). At the time of the criminal conduct, the respondent was a principal in [*3]Gotham. In her civil lawsuit, NS alleged gender and sexual harassment, and that the respondent created a hostile work environment during NS's employment with the company. By decision and order (Cynthia S. Kern, J.) dated July 30, 2013, a default judgment was granted against the respondent and Gotham. The default judgment order was served on the respondent at three different addresses: (1) 54 East 11th Street, Apt 3, New York, NY 10003; (2) 511 West 28th Street, New York, NY 10001; and (3) 2900 Bellevue Avenue, Daytona Beach, FL 32124 (hereinafter the Daytona Beach address). The same order was served on Gotham at the Daytona Beach address.
Following an inquest on March 19, 2015, a judgment was entered against the respondent and Gotham, in the principal sum of $1 million dollars, plus interest and costs, for a total sum of $1,236,141.30. According to the petition, from in and about May 2016 to in or about August 2017, NS attempted to enforce the judgment, without success, through the following actions: (1) by serving an information subpoena with restraining notice dated May 24, 2016, addressed to Gotham, by mail at the Daytona Beach address; (2) by serving a notice to judgment debtor dated May 24, 2016, addressed to Gotham, by mail at the Daytona Beach address; (3) by serving an information subpoena with restraining notice dated May 24, 2016, addressed to the respondent, by mail at the respondent's Office of Court Administration (hereinafter OCA) registered address at 14 Arbor Field Way, Lake Grove, NY 11755 (hereinafter the respondent's OCA-registered address); (4) by serving an information subpoena with restraining notice dated June 6, 2016, addressed to the respondent by mail at 20 West 64th Street, Apt 21L, New York, NY 10023; (5) by serving a subpoena duces tecum dated July 15, 2016, addressed to the respondent individually and as managing partner of Gotham, by mail at 165 East 32nd Street, 2nd Floor, New York, NY 10016, and at 600 Third Avenue, 3rd Floor, New York, NY 10016; (6) by serving an information subpoena with restraining notice dated November 15, 2016, addressed to the respondent, by mail at 20 East 64th Street, Apt. 21L, New York, NY 10021, and to the respondent, care of MSN Legal at 15 Williams Street, Unit 25E, New York, NY 10005; and (7) by serving a notice to judgment debtor dated August 2, 2017, addressed to the respondent, by mail at the respondent's OCA-registered address. The respondent did not answer any of the information subpoenas with restraining notices or the notices to judgment debtor listed above.
Based on the forgoing, charges one and two allege that the respondent engaged in conduct prejudicial to the administration of justice, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0), by failing to answer the information subpoenas with restraining notices and notices to judgment debtors (charge one), and by failing to satisfy a money judgment entered against him (charge two). Charge three alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer based on the above described conduct, in violation of rule 8.4(h) of the Rules of Professional Conduct.
The Hearing Record 
At the hearing, Adam Sackowitz testified for the Grievance Committee. Sackowitz was an attorney at the law firm of Katz Melinger, PLLC, which represented NS in attempting to enforce the judgment against the respondent and Gotham. Sackowitz testified that he issued the information subpoenas with restraining notices and notices to judgment debtors to enforce the judgment. Sackowitz stated that he had obtained the various addresses for the respondent from, inter alia, the respondent's attorney registration information with OCA, a client of the respondent's who responded to an information subpoena, and a filing with the United States Securities and Exchange Commission by a company that had designated that notices should be sent to the respondent's law firm and listed that law firm's contact information. While the respondent admitted that he was associated with some of the addresses to which Sackowitz had sent the subpoenas and notices, the respondent testified that he never received the information subpoenas sent by Sackowitz. The respondent also gave inconsistent testimony at his examination under oath (EUO), conducted on July 24, 2019, and at the hearing regarding his knowledge of the inquest hearing and the default judgment order entered thereafter.
At the hearing, the respondent testified that in August 2017, he did not receive a notice to judgment creditor and retained counsel to inquire about the default judgment entered against him. This notice was sent to the respondent's OCA-registered address, where an information subpoena had also been sent, which the respondent claimed he never received. The respondent testified that he made a "meaningful" and "good faith effort" to settle the matter based on his financial means. The respondent's meaningful and good faith effort to pay the judgment was an offer of $25,000 to $35,000 as a settlement because the respondent claimed that he was unemployed [*4]and had to obtain a loan from his parents. When asked about a $100,000 payment that the respondent had a client wire to an off-shore bank account, the respondent testified that the payment was for legal fees owed to him, which he used to repay a loan to a family member.
In his response to the Grievance Committee regarding the complaint filed alleging, inter alia, his failure to satisfy a money judgment, the respondent misrepresented that his criminal matter resulted in an adjournment in contemplation of dismissal (ACD). At his EUO, the respondent was questioned about this misrepresentation, and he testified that he misrepresented the disposition of his criminal matter because he misread a document. When questioned regarding how misreading a document could lead him to misrepresent his criminal matter when the respondent was present at the trial and was convicted of the crimes, the respondent replied, "Again, during that period I was going through tough times." The respondent further testified that the Criminal Court and his attorney "conveyed" the disposition to the respondent as an ACD. The respondent also claimed that he did not testify at his criminal trial because he thought that NS's allegations were "pretty silly." The respondent repeatedly refused to admit to the crimes to which he was convicted and asserted that it was poor judgment which created an environment that the complainant's allegation could be believed and made him an easy target.
In a report dated May 9, 2022, the Special Referee sustained all three charges. The Special Referee found,
"I do not find the Respondent's testimony concerning his receipt of notices, etc., to be credible, nor even consistent. Furthermore, even if Respondent did not actually receive any of the notices, he had provided the addresses used for service of process and was responsible to monitor those listings."
Findings and Conclusions for Appellate Division Docket Nos. 2020-06921 and 2021-05536 
We find that the Special Referee properly concluded that the respondent failed to meet his burden of establishing why this Court should not issue a final order of suspension, censure, or disbarment based on his criminal convictions on December 2, 2008. In view of the evidence adduced, the Grievance Committee's motion to confirm the report of the Special Referee in the proceeding under Appellate Division Docket No. 2020-06921 is granted.
In view of the evidence adduced at the hearing in the proceeding under Appellate Division Docket No. 2021-05536, we find that the Special Referee properly sustained all the charges in that proceeding. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee in the proceeding under Appellate Division Docket No. 2021-5563 is granted.
In determining an appropriate measure of discipline for both matters, we find the respondent's refusal to acknowledge his criminal conduct, his misrepresentation to the Grievance Committee regarding his criminal convictions, and his inconsistent testimonies to be egregious. The respondent submitted uncorroborated testimony that he had a substance abuse problem and submitted no character evidence.
Under the totality of the circumstances, we find that disbarment is warranted.
LASALLE, P.J., DILLON, DUFFY, BARROS and IANNACCI, JJ., concur.
ORDERED that on the Court's own motion, the above entitled proceedings under Appellate Division Docket Nos. 2020-06921 and 2021-05536 are consolidated; and it is further,
ORDERED that the Grievance Committee's motions to confirm the Special Referee's reports are granted; and it is further,
ORDERED that the respondent, Gaurav Malhotra, also known as Gary Malhotra, is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Gaurav Malhotra, also known as Gary Malhotra, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Gaurav Malhotra, also known as Gary Malhotra, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, [*5]or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Gaurav Malhotra, also known as Gary Malhotra, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court